Barker, J.
The affidavits tend to show that the respondent, on the day fixed for the return of the order supplemental to execution, was ill, and was and had been for some time prior thereto sick and unable to leave her house in consequence thereof. It also appears that her advisor was an attorney and counselor of this court, who advised her not to appear before the referee and submit to an examination, as the proceedings were irregular and void. He also testifies, that he gave such advice in good faith, *399 with no intent to violate the lawful mandate of the court, and he believed it would be the best protection of her rights not to appear before the referee and submit to an examination.
These facts would ordinarily induce a judicial officer to excuse the non-attendance.
We concur in view of the facts of the case, with his determination in denying the judgment creditors motion to punish the defendant as for a contempt. Such proceedings are largely discretionary with the officer before whom proceedings to punish for contempt are instituted. Joyce v. Holbrook, 7 Abb., 338.
On this appeal we do not need to determine whether the defendant was sued by her proper name, nor whether the judgment is binding up her.
Order affirmed, with ten dollars costs and disbursements.
All concur.